IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL CERVANTES**  PLAINTIFF
**ADC #601673**

V.  CASE NO.  3:20-cv-00237 JM

**FOWLER FOODS, INC.,** *et al*.  DEFENDANTS

## ORDER

On September 14, 2020, the Court dismissed Plaintiff Michael Cervantes's Complaint without prejudice for failure to state a claim on which relief may be granted. (Doc. Nos. 6, 7). Cervantes has filed a Motion for Reconsideration (Doc. No. 9) and Motion to Amend Complaint (Doc. No. 10). For the reasons set out below, both Motions (Doc. Nos. 9, 10) are DENIED.

Cervantes alleged that his employment was terminated unlawfully based on his sex offender status, and that Defendant Fowler Foods, Inc. did not have a policy explaining that it did not hire sex offenders. (Doc. No. 2 at 2-3). In finding that Cervantes failed to state an employment discrimination claim, the Court noted that at the heart of such claims is membership in a protected class. (Doc. No. 6 at 3). Cervantes made no allegations regarding his termination beyond the lack of policy and his sex offender status.

Cervantes filed a Motion for Reconsideration. (Doc. No. 9). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co*., 867 F.3d 992, 997 (8th Cir. 2017) (internal citation omitted). "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110 (8th

Cir. 2017) (internal citations omitted). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal citations omitted).  Under Rule 60(b), a court may relieve a party from a final judgment for these reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ;  or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

In his Motion for Reconsideration, Cervantes contends the Court wrongly found he failed to state an employment discrimination claim based on his sex offender status.  (Doc. No. 9).  In effect, Cervantes alleged an error of law.  Accordingly, the Court construes Cervantes's Motion for Reconsideration as falling under Rule 59(e).

Cervantes argues that under Title VII "an employer must have a policy stating that it doesn't hire people with criminal backgrounds . . . ." (*Id*. at 1).  In support of his position, Cervantes cites *E.E.O.C. v. Peoplemark, Inc*., 732 F.3d 584 (6th Cir. 2013) and *Parrish v. Sollecito*, 280 F. Supp. 2d 145 (S.D.N.Y. 2003).

Title VII makes it unlawful for an employer to discriminate against an individual based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  Neither the plain language of Title VII nor precedent interpreting the statute make unlawful adverse employment actions based solely on an individual's sex offender status.  The cases Cervantes cites underscore that more than sex offender status is needed. In *Peoplemark*, the plaintiff alleged Peoplemark's policy of not hiring felons had a disparate impact on a protected group—African Americans. 732 F.3d 584 (6th Cir. 2013). *Parrish* is a sex discrimination and retaliation case.  280 F. Supp. 2d 145 (S.D.N.Y. 2003).  The plaintiff alleged discrimination based on sex, which is clearly prohibited

under Title VII. *See* 42 U.S.C. O 2000e-2(a). In contrast to *Peoplemark* and *Parrish*, Cervantes's Complaint does not allege discrimination based on race, color, religion, sex, or national origin. Accordingly, his Motion for Reconsideration (Doc. No. 9) is denied.

In his Motion to Amend, Cervantes asks the Court to give him "at least a chance to amend [his] Complaint and fix [his] errors." (Doc. No. 10). When a plaintiff seeks leave to amend his complaint after judgment has been entered, "the right to amend under Fed. R. Civ. P. 15(a) terminates." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) (internal citations omitted). "After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend will be granted only 'if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (internal citations omitted). As explained above, Cervantes is not entitled to relief under Rule 59(e). He continues to assert his discrimination claim based on sex offender status is a viable claim. (Doc. No. 9). Cervantes did not attach any proposed amended complaint to his motion, so the Court cannot determine how he intends to change his claim. Considering all of the above, his Motion to Amend is denied. (Doc. No. 10).

IT IS SO ORDERED this 25th day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE